```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
DAVID ALVAREZ,

                Petitioner,            MEMORANDUM AND ORDER
                                          08-CV-1445(DRH)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------X
A P P E A R A N C E S:

For Petitioner:
    David Alvarez, Pro Se
    FCI Fairton
    Federal Correctional Institution
    P.O. Box 420
    Fairton, New Jersey  08320

For Respondent:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, New York  11722
      By:  Elizabeth A. Latif, A.U.S.A.
```

HURLEY, Senior District Judge

David Alvarez ("Alvarez" or "petitioner") has moved, pursuant to 28 U.S.C. § 2255, for an order vacating his sentence and conviction, claiming that (1) the trial evidence was insufficient to support the conviction, and (2) the district court erred in denying his motion to suppress.

For the reasons provided infra, Alvarez's petition is denied.

BACKGROUND

Alvarez was indicted on one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He thereafter filed an unsuccessful motion to suppress the subject weapon. The charge was presented to a jury for its determination on April 18th and 19th, 2005, resulting in his conviction. He was sentenced by me on December 16, 2005 to, inter alia, 100 months of incarceration.

Alvarez filed a notice of appeal on December 20, 2005. In his initial appellate brief he cited certain purported errors at sentencing – none of which is relevant for present purposes – and later supplemented that brief by asserting that the court also erred in denying his motion to suppress. Alvarez's conviction and sentence were affirmed by summary order dated October 19, 2007. United States v. Alvarez, No. 06-0107-CR, 2007 WL 3052585 (2d Cir. Oct. 19, 2007).

## DISCUSSION

1. Alvarez's Claim That Insufficient Evidence Supported his Conviction was not Raised on Direct Appeal and is Procedurally Barred

Petitioner did not present the argument under discussion as part of his unsuccessful appeal to the Second Circuit. Accordingly, consideration of that claim is procedurally barred, absent a showing of cause for the default and resulting prejudice or, alternatively, a demonstration of actual innocence. See Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). Neither of these preconditions has been

addressed, no less established by petitioner and, thus, the Court may not consider this ground for the relief requested.

2. Alvarez's Claim Regarding the Denial of his Motion to Suppress was Decided on Direct Appeal and may not be Relitigated via an Application for a Writ of Habeas Corpus

It is well settled that a petitioner may not use a § 2255 motion to "'relitigate questions which were raised and considered on direct appeal.'" Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995)(quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)); see also United States v. Muhammad, 824 F.2d 214, 219 (2d Cir. 1987)(rejecting § 2255 claims when issues had previously been raised on direct appeal); United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)(stating that "once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255").  Which is to say, this ground may not, as a matter of law, serve as a predicate for relief sought by petitioner.

## CONCLUSION

For the reasons indicated, Alvarez's petition is denied.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right.  See Miller-El v. Cockrell, 537 U.S. 322

(2003); <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to (1) serve a copy of this Order on the petitioner, and (2) close this case.

SO ORDERED.

Dated:   April 2, 2010
         Central Islip, New York

                                                  /s/
                                    DENIS R. HURLEY, U.S.D.J.